IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and | ) | |
| LABORERS' WELFARE FUND OF THE | ) | |
| HEALTH AND WELFARE DEPARTMENT | ) | |
| OF THE CONSTRUCTION AND GENERAL | ) | |
| LABORERS' DISTRICT COUNCIL OF | ) | |
| CHICAGO AND VICINITY, THE CHICAGO | ) | Judge: Rebecca R. Pallmeyer |
| LABORERS' DISTRICT COUNCIL RETIREE | ) | |
| HEALTH AND WELFARE FUND and JAMES | ) | |
| S. JORGENSEN, Administrator of the Funds, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 16-cv-9570 |
| v. | ) | |
| | ) | |
| GARCES CONTRACTORS, LLC, an Illinois | ) | |
| limited liability company, and ELDA | ) | |
| MANNION, individually. | ) | |
| Defendants. | ) | |

## MOTION TO REINSTATE AND CONFESS JUDGMENT

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the

Health and Welfare Department of the Construction and General Laborers' District Council of

Chicago and Vicinity and James Jorgensen, Administrator of the Funds (hereinafter collectively

"Funds"), by and through their attorney, G. Ryan Liska, and hereby move this Court to Reinstate

and Confess Judgment on the settlement Installment Note entered into by the parties in the above

referenced matter. In support of this Motion, Plaintiffs state as follows:

1.    On October 7, 2016 the Funds filed a Complaint against Garces Contractors, LLC

and Elda Mannion (collectively "Defendants") as a result of the Defendants failure to submit

fringe benefit reports and contributions.

2.    On June 30, 2017 the Funds and Defendants resolved this matter when the parties

entered into an Installment Note and Guaranty of Payment Indemnification wherein the

Defendants agreed to pay $92,311.00 pursuant to the terms of a Settlement Agreement and Installment Note. A true and accurate copy of the Installment Note is attached as Exhibit 1 and Guaranty of Payment Indemnification is attached hereto as Exhibit 2.

3. As a result of the Parties settlement, the Parties entered into an Agreed Stipulation to Dismiss and the Court subsequently entered a Minute Order in which the Court retained jurisdiction through September 15, 2018 to enforce the Installment Note and Guaranty . (A true and accurate copy of the Agreed Stipulation to Dismiss and this Court's July 12, 2017 Minute Order are attached hereto as Exhibit 3.

4. The Installment Note and Guaranty required the Defendants to pay $26,100.03 to the Funds over the course of thirteen (13) months with the first payment commencing on September 1, 2017 and the final payment coming due on September 1, 2018. In addition to making timely payments, the Installment Note was conditioned upon Defendants remaining current on its obligations to the Funds and Union including the timely submission and payment of monthly fringe benefit reports. (See Exhibit 1 Installment Note, Paragraph 9 and Exhibit 2 Guaranty, Paragraph 1).

5. The terms of the Collective Bargaining Agreement and Trust Agreements required Defendants to submit contributions and to forward the appropriate Union dues by the 10th day following the month in which the work was performed. The Collective Bargaining Agreement also provides a thirty (30) day grace period which allows employers additional time to submit reports before it will be assessed a liquidated damages penalty.

6. Under the terms and conditions of the Installment Note, Collective Bargaining Agreement and Trust Agreements, Defendants were to submit its June 2018 monthly reports on

or before August10, 2018 and its July 2018 monthly report and contributions on or before September 10, 2018. However, Defendants failed to submit the June 2018 report and as a result have defaulted on the terms of the Installment Note and Guaranty. (See Joseph Gilleran Affidavit attached as Exhibit 4). Assuming Defendants do not submit the July 2018 reports by the presentment date of this Motion, this would represent another event of default.

7.      Defendants' late payment of its December 2017 through May 2018 monthly reports also resulted in the assessment of liquidated damages totaling $6,413.47. The liquidated damages are assessed at 10% of the Defendants' monthly report amount for that given month. The accumulative liquidated damages are itemized as follows: December 2017: $1,726.08; January 2018: $973.62; and February 2018: $923.72; March 2018: $1,293.21; April 2018: $ 639.19; and May 2018: $857.65. (See Gilleran Affidavit, ¶ 4).

8.      Paragraph 8 of the Installment Note provides "in the event the Company fails to timely make any payments described in this Note, all amounts described in paragraph 1 [of the Note] herein shall immediately become due on the 10th day following the date on which payment should have been received by the Funds under the terms of this Note."

9.      Likewise, paragraph 6 of the Guaranty provides as follows: "In the event that payments under the Note shall be accelerated, the Guarantor's obligations hereunder shall also be accelerated without further notice from the Funds." The Guaranty also provides at paragraph 13: "The Guarantor hereby authorizes irrevocably any attorney of any court of record to appear for him/her in such court, at any time after ten (10) days' notice after default of any payment due under this Guaranty, and to confess judgment against Guarantor, after service of notice of the

3

claimed default, in favor of the Funds for such amount to be unpaid thereon . . . . including reasonable attorney fees."

10.    On August 28, 2018 the Funds provided a written notice of default to the Defendants which set forth the reason for the default and further requested that the defaulted be cured within 10 business day of the written notice of default. (A true and accurate copy of the written notice of default which was sent via email and U.S. Mail is attached hereto as Exhibit 5). As of the date of this Motion, Defendants failed to cure all defaults. (See Gilleran Affidavit, ¶ 3).

11.    By virtue of not remaining current on its monthly obligations and failing to cure the default, Defendants are in default of the terms and conditions of the Installment Note and Guaranty. Allowing for all just due credits, Defendants owe $3,888.78. (An itemized payment worksheet showing the balance due is attached as Exhibit 6); (See Gilleran Affidavit, ¶ 5).

WHEREFORE, the Funds respectfully request that this Court grant its Motion to Reinstate and Confess Judgment and:

A. Enter judgment jointly and severely in favor of the Funds and against Defendants Garces Contractors, LLC and Elda Mannion, jointly and severally, in the amount of $3,888.78 plus $500.00 which represents Funds' attorney fees and expenses in enforcing Note and moving to reinstate this case;

B. Order Defendants to pay post judgment interest on the judgment amount until fully paid to the Funds; and

C. For any other relief deemed just inequitable.

September 7, 2018

Respectfully submitted,

Laborers' Pension Fund, et al.

By: _/s/ G. Ryan Liska_

Office of Fund Counsel
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused a copy of the foregoing Motion to Reinstate and Confess Judgment to be served upon the following persons via the U.S. Mail and Email on this 7th day of September, 2018.

Michael Leonard
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
email: mleonard@leonardmeyerllp.com

Ethan White
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
email: ewhite@leonadmeyerllp.com

/s/ G. Ryan Liska

## INSTALLMENT NOTE

This Installment Note ("Note") is made between the Laborers' Pension Fund ("Pension Fund"), the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and the Retiree Health and Welfare Fund ("Welfare Funds" or collectively the "Funds"), the parties of the first part, and Garces Contractors, LLC (the "Company"), the parties of the second part.

WHEREAS, the Company has at all relevant times been party to a collective bargaining agreement ("CBA") with Local 4 the Construction and General Laborers' District Council of Chicago and Vicinity, whereunder it is obligated to make certain contributions to the above-named Funds, as well as to the Training Fund, on behalf of its covered employees, and to submit payment of all employee union dues;

WHEREAS, the Company has failed to timely pay certain contributions owed to the Funds for the audit period of October 1, 2014 through September 30, 2016.

WHEREAS, the Company has failed to remit all employee union dues to the Funds, as the designated collection agent for the Construction and General Laborers' District Council of Chicago and Vicinity, for the audit period of October 1, 2014 through September 30, 2016.

WHEREAS, the Company desires to pay all delinquencies owed to the Funds, to pay all union dues owed to the Construction and General Laborers' District Council of Chicago and Vicinity, together with liquidated damages, and interest, as set forth below and further desires to remain current in its obligation to pay contributions to the Funds.

THE PARTIES HEREBY AGREE as follows:

1. The Company will pay $9,130.81 to the Health and Welfare Fund (comprised of $409.18 in delinquent contributions, $6,645.62 in liquidated damages, $996.36 in attorney's fees and costs, $523.75 in audit costs and $555.83 in interest) (based on an interest rate of 12%). The Company will pay $4,651.27 to the Retiree Health and Welfare Fund (comprised of $164.00 in delinquent contributions, $2,740.42 in liquidated damages, $996.36 in attorney's fees and costs, $523.75 in audit costs and $266.74 in interest). The Company will also pay $11,494.99 to the Pension Fund (comprised of $439.52 in delinquent contributions, $7,403.95 in liquidated damages, $1,992.72 in attorney's fees and costs, $1,047.50 in audit costs and $611.30 in interest). All of these amounts shall be paid according to the schedule described below in paragraphs 5 and 6.

2. The Company will also pay $152.95 to the Training Fund (comprised of $20.50 in delinquent contributions, $126.45 in liquidated damages and $6.00 in interest), $4.00 to the LECET Fund (comprised of $2.87 in delinquent contributions, $.29 in liquidated damages and $.84 in interest), $9.56 to the LDCMC Fund (comprised of $6.97 in delinquent contributions, $.70 in liquidated damages and $1.89 in interest), $4.66 to the CAICA Fund (comprised of $3.28 in delinquent contributions, $.42 in liquidated damages and $.96 in interest) and $651.79 in union dues (comprised of $61.99 in delinquent contributions and $589.80 in liquidated damages). These delinquent amounts shall be paid in their entirety at the time the Note is signed along with the amounts due in paragraph 5.



3. The Company will also pay the Funds or the sum of $3,985.44 representing attorney fees and costs incurred by the Funds in Case No. 16 - 9570. This amount is split between the Welfare, Retiree Welfare and Pension Funds as described in paragraph 1 above.

4. The Company will also pay the Funds the sum of $2,095.00 in audit costs. This amount split equally between Welfare and Pension as described in paragraph 1 above.

5. The note period is thirteen (13) consecutive months commencing on September 1, 2017 and ending on September 1, 2018. For the September 1 and October 1, 2017 payments, the Company will pay $702.37 per month to the Health and Welfare Fund, $357.79 to the Retiree Health and Welfare Fund, $884.23 per month to the Pension Fund and $411.48 to the Ancillary Funds for a total monthly payment of $2,355.87. Commencing on November 1, 2017 and ending on September 1, 2018, the Company will pay $702.37 per month to the Health and Welfare Fund, $357.79 to the Retiree Health and Welfare Fund, and $884.23 per month to the Pension Fund for a total monthly payment of $1,944.39. The payments can be made on a single check made payable to the "Laborers' Pension and Welfare Fund."

6. The Company will remit all payments to the Funds' Administrative Offices, which are located at 11465 Cermak Road, Westchester, Illinois 60154.

7. The Company understands and agrees that this Installment Note is based on reports submitted by the Company to the Funds and that the Funds reserve the right to conduct an audit, in accordance with the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, to determine benefit contribution compliance for the time period covered herein and further reserve the right to collect any unpaid contributions, union dues, interest, liquidated damages, and audit costs as shown on said audit.

8. Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Funds' respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Funds' respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this Note, all amounts described in paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Fund's under the terms of this Note. In such event the Company further agrees to pay all attorneys' fees and costs incurred by the Funds in any action to enforce any part of this Note.

9. This Installment Note is conditioned on the Company staying current on its obligations to the Funds and District Council under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust. In the event that the Company fails to maintain its obligations under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, including, but no limited to, its obligations to submit timely contribution and dues reports and to make timely contribution and dues payments by the tenth day following the month in which laborers' work was performed, then the Funds shall have the right to accelerate and collect all amounts due under this Installment Note, plus payment of all attorneys' fees and costs incurred by the Funds in any action to accelerate this Installment Note.

10. The Parties acknowledge and agree that any payments to the Union provided for in this Agreement fully comport with 29 U.S.C. § 186(c)(2) and that they involve the compromise, adjustment, settlement or release of a claim, complaint, grievance or dispute in the absence of fraud or duress.

11. The Company further agrees to obtain and maintain a surety bond to insure the payment of wages and benefit contributions as required under the terms of the CBA.

12. The Company shall have the right to prepay the entire amount due under the Note prior to the date upon which payment is due without penalty and without payment of any precalculated Note Interest that has not accrued as of the date full payment has been made.

The Parties hereby agree to these terms by their execution hereof on the 30 day of the June, 2017.

Garces Contractors, LLC

By: _____

Title: President

Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and Retiree Health and Welfare Fund.

By: _____

8.  Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Funds' respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Funds' respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this Note, All amounts described in paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Fund's under the terms of this Note. In such event the Company further agrees to pay all attorneys' fees and costs incurred by the Funds in any action to enforce any part of this Note.

9.  This Installment Note is conditioned on the Company staying current on its obligations to the Funds and District Council under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust. In the event that the Company fails to maintain its obligations under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, including, but no limited to, its obligations to submit timely contribution and dues reports and to make timely contribution and dues payments by the tenth day following the month in which laborers' work was performed, then the Funds shall have the right to accelerate and collect all amounts due under this Installment Note, plus payment of all attorneys' fees and costs incurred by the Funds in any action to accelerate this Installment Note.

10. The Parties acknowledge and agree that any payments to the Union provided for in this Agreement fully comport with 29 U.S.C. § 186(c)(2) and that they involve the compromise, adjustment, settlement or release of a claim, complaint, grievance or dispute in the absence of fraud or duress.

11. The Company further agrees to obtain and maintain a surety bond to insure the payment of wages and benefit contributions as required under the terms of the CBA.

12. The Company shall have the right to prepay the entire amount due under the Note prior to the date upon which payment is due without penalty and without payment of any precalculated Note interest that has not accrued as of the date full payment has been made.

The Parties hereby agree to these terms by their execution hereof on the ___5___ day of the __July__, 2017.

Garces Contractors, LLC

_____

By: _____

Title: _____


Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and Retiree Health and Welfare Fund.

By: _____

## GUARANTY OF PAYMENT AND INDEMNIFICATION

This Guaranty ("Guaranty") is made as of June 29, 2017 by the undersigned, Elda Mannion, (the "Guarantor"), to and for the benefit of the LABORERS' PENSION FUND AND THE LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY (collectively, the "Funds").

WHEREAS, Garces Contractors, LLC (the "Company") has agreed to pay a total of $26,100.03 to the Funds in settlement of the alleged delinquent contributions owed to the Funds and to be paid under the terms of an Installment Note ("Note").

WHEREAS, the Funds are unwilling to enter into the Note unless the Guarantor executes this Guaranty; and

WHEREAS, the Guarantor has a financial interest in the Company and will be benefited by the Note;

NOW THEREFORE WHEREAS, in consideration of the foregoing, the Guarantor agrees as follows:

1. Guaranty of Payment and Indemnification. The undersigned guarantees, absolutely and unconditionally: (a) the payment when due of the entire principal indebtedness and all interest evidenced by the Note during the twelve (12) month payment period including interest and liquidated damages for late or unpaid payments due on the Note; and (b) the full and complete payment of any and all fees and costs incurred pursuant to default under terms of the Note, whether litigation is involved or not, and if involved, whether at the trial or appellate levels or in pre- or post-judgment bankruptcy proceedings in enforcing or realizing upon the obligations of the Guarantor hereunder (the obligations of Guarantor under this Paragraph 1 are collectively hereinafter referred to as the "Obligations"). The Guarantor also agrees to be personally liable for all monthly benefit contributions, union dues and/or wages owed from the Company to the Funds, the District Council, all ancillary funds, and/or the participants that are due at the time the Note and Guaranty are entered into and/or are incurred and become due and owing for the duration of the Note, including all interest, liquidated damages, audit costs, attorneys' fees and costs.

2. Continuing Guaranty. This Guaranty shall be a continuing Guaranty, and shall not be discharged, impaired or affected by; (a) the existence or continuance of any obligation on the part of the Company with respect to the Note; (b) any forbearance or extension of the time of payment of the Note; (c) the validity or invalidity of the Note; (d) any defenses whatsoever that the Company or any of the party thereto may have to the performance or observance of any term, covenant or condition contained in the Note; (e) the existence or non-existence of the Company as a legal entity; (f) any limitation or exculpation of (other than the payment and performance in full of all of the Company's Obligations) that Guarantor may have as to his undertakings, liabilities and obligations hereunder, including any defenses based upon any legal disability of the Company or any discharge or limitation of the disability of the Company, whether consensual or arising by operation of law or any bankruptcy, insolvency or debtor-relief proceeding, or from any other cause, each and every such defense being hereby waived by the Guarantor.

3. Waivers. Guarantor waives diligence, presentment, protest, notice of dishonor, demand for payment, extension of time of payment, notice of acceptance of this Guaranty, non-payment at maturity and indulgences and notices of every kind not provided for under this Guaranty. It is the intention of this Guaranty that Guarantor shall remain liable as principal, notwithstanding any act, omission or thing that might otherwise operate as a legal or equitable discharge of Guarantor, until all of the Company's obligations shall have been fully paid and performed.

4. Subrogation. Notwithstanding anything to the contrary elsewhere contained herein or in the Note, the Guarantor(s) expressly waive with respect to the Company any and all rights at law or in equity to subrogation, to reimbursement, to exoneration, to contribution, to set off or to any other rights that could accrue to a surety against a principal, to the Guarantor against a maker or obligor, to an accommodation party against the party accommodated, or to a holder or transferee against a maker, and which the guarantor may have or hereafter acquire against the Company in connection with or as a result of Guarantor's execution, delivery and/or performance of this Guaranty or the Note. The Guarantor agrees that he or she shall not have or assert any such rights against the Company or its successors and

1



assigns or any other party (including any surety), either directly or as an attempted set off to any action commenced against the Guarantor by the Company (as borrower or in any other capacity) or any other person.

5. <u>Independent Obligations.</u> The Funds may enforce this Guaranty without first resorting to or without first having recourse to the Note; provided, however, that nothing herein contained shall preclude the Funds from suing on the Note or from exercising any other rights; and the Funds shall note be required to institute or prosecute proceedings to recover any deficiency as a condition of any payment hereunder or enforcement hereof.

6. <u>Acceleration.</u> In the event that payments due under the Note shall be accelerated, the Guarantor's obligations hereunder shall also be accelerated without further notice from the Funds.

7. <u>Effect of Bankruptcy.</u> This Guaranty shall continue in full force and effect notwithstanding the institution by or against the Company of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the disaffirmance of the Note in any such proceedings, or others.

8. <u>Termination.</u> This Guaranty shall remain in full force and effect as to the Guarantor until all of the Company's Obligations under the Note outstanding shall be finally and irrevocably paid in full. Payment of all of the Company's Obligations from time to time shall not operate as a discontinuance of this Guaranty. If after receipt of any payment of all or any part of the Company's Obligations, the Funds are for any reason compelled to surrender such payment to any person or entity, because such payment is determined to be void or voidable as a preference, impermissible set off, or a diversion of trust fund, or for any reason, this Guaranty shall continue in full force notwithstanding any contract action which may have been taken by the Funds in reliance upon such payment, and any such contrary action so taken shall be without prejudice to the Funds' rights under this Guaranty and shall be deemed to have been conditioned upon such payment having become final and irrevocable.

9. <u>The Company's Financial Condition.</u> The Guarantor assumes full responsibility for keeping fully informed of the Company's financial condition and all other circumstances affecting the Company's ability to perform its Obligations, and agree that the Funds will have no duty to report to Guarantor any information which the Funds receive about the Company's financial condition or any circumstances bearing on its ability to perform.

10. <u>Expenses.</u> The undersigned agrees to pay and reimburse the Funds for all cost and attorney's fees, which they may expend or incur in the enforcement of this Guaranty or any of the Company's Obligations under the Note, provided the Funds is the prevailing party in such enforcement actions.

11. <u>Delay, Cumulative Remedies.</u> No delay or failure by the Funds to exercise any right to remedy against the Company or Guarantor will be construed as a waiver of that right or remedy. All remedies of the Funds against the Company and the Guarantor are cumulative.

12. <u>Binding Effect.</u> This guaranty shall incur to the benefit of and may be enforced by the Funds, and shall be binding upon and enforceable against the Guarantor and Guarantor's heirs, legal representatives, successors and assigns. In the event of the death of the Guarantor, the obligations of such deceased Guarantor shall continue in full force and effect against his estate, personal representatives, successors and assigns. Without limiting the generality of the foregoing, the Funds (or their successors and assigns) may from time to time and without notice to undersigned, assign any and all of their rights under this Guaranty without in any way affecting or diminishing the obligations of the undersigned hereunder, who shall continue to remain bound by the obligated to perform under and with respect to this Guaranty as though there had been no such assignment.

13. <u>Default.</u> The Guarantor hereby authorizes irrevocably any attorney of any court of record to appear for him/her in such court, at any time after ten (10) days notice after default in any payment due under this Guaranty, and confess judgement against Guarantor, after service of notice of the claimed default, in favor of the Funds for such amount to be unpaid and owed thereon, including interest, liquidated damages and reasonable cost of collection including reasonable attorneys' fees. The Guarantor agrees to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgement, hereby ratify and confirming all that said attorney may do by virtue hereof.

2

14. **Warranties.** Guarantor makes to the Funds the following representations and warranties:

    (a) **Authorization.** Guarantor has full right, power and authorization to enter into this Guaranty and carry out his obligations hereunder.

    (b) **No Conflict.** The execution, delivery and performance by Guarantor of this Guaranty will not violate or be in conflict with, results in a breach of, or constitute a default under, any indenture, agreement or any other instrument to which Guarantor is a party or by which Guarantor or any of his assets or properties is bound, or any order, writ, injunction or decree of any court or governmental institute.

    (c) **Litigation.** There are no actions, suits or proceedings pending, or to the knowledge of Guarantor, threatened against or adversely affecting any Guarantor at law or in equity or before or by governmental agency or instrumentality that involve any of the transactions herein contemplated, or the possibility of any judgment or liability that may result in any material and adverse change in the financial condition of any Guarantor. Guarantor is not in default with respect to any judgment, order, writ, injunction, decree, rule or regulation of any court.

    (d) **Enforceability.** This guaranty is a legal, valid and binding obligation of Guarantor, enforceable in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency or similar laws affecting the rights of creditors generally.

15. **Notices.** All notices or other communications required or permitted hereunder shall be (a) in writing and shall be deemed to be given when either (I) delivered in person, (II) three (3) days after deposit in a regularly maintained receptacle of the United States mail as registered or Certified mail, postage prepaid, (III) when received if sent by private courier service, or (IV) on the day on which Guarantor refuses delivery by mail or by private courier service, and (b) addressed as follows:

In Case of Guarantor

Elda Mannion
Garces Contractors, LLC
5423 W. Division Street
Chicago, IL 60651

With Copy to

John Killacky
Leonard Meyer, LLP,
120 N. LaSalle St., Suite 2000
Chicago, IL 60602

In Case of the Funds:

Collection Counsel
Ryan Liska
Laborers Pension and Welfare Fund
111 W Jackson Blvd Ste. 1415
Chicago IL 60604-3868

or such other addresses as may from time to time be designated by the party to be addressed by notice to the other in the manner hereinabove provided.

16. **Additional Waivers.** Guarantor expressly and unconditionally waives, in connection with any suit, action or proceeding brought by the Funds on this Guaranty, any and every right he or she may have to (I) injunctive relief, (II) a trial by jury, (III) interpose any counterclaim therein and (IV) seek to have the same consolidated with any other or separate suit, action or proceeding.

17. **Severability.** If all or any portion of any provision of this Guaranty is declared or found by a court of competent jurisdiction to be unenforceable or null and void, such provision or portion thereof shall be deemed stricken

and severed from this Guaranty and the remaining provisions and portions hereof shall continue in full force and effect.

18. Applicable Law; Venue. This Guaranty and the transactions evidenced hereby shall be construed and interpreted under the laws of the State of Illinois. Guarantor, in order to induce the Funds to accept this Guaranty and enter into the loan agreement, and for other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, agrees that all actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to or from this Guaranty shall be litigated, at the Fund's sole discretion and election, only in courts having a situs within the county of Cook, State of Illinois, Eastern Division. Guarantor hereby waives any right he or she may have to transfer or change the venue of any litigation brought against him by the Funds on this agreement in accordance with this paragraph.

19. Time is of the Essence. Time is of the essence of this Guaranty as to the performance of the undersigned.

20. Death of a Guarantor. In the event of the death of Guarantor, the Funds shall have the right to accelerate the indebtedness evidenced by the Note unless, within sixty (60) days of his death, Guarantor's estate assumes his obligations hereunder by an instrument satisfactory to the Funds and delivers to the Funds security for performance of such obligations satisfactory to the Funds.

IN WITNESS WHEREOF, the undersigned Guarantor has executed this instrument as of the date and year first above written.

Elda Mannion

Date: 6/30/2017

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, THE CHICAGO )  Judge: Rebecca R. Pallmeyer
LABORERS' DISTRICT COUNCIL RETIREE )
HEALTH AND WELFARE FUND and JAMES )
S. JORGENSEN, Administrator of the Funds, )
)
                Plaintiffs, )  Case No. 16-9570
    v. )
)
GARCES CONTRACTORS, LLC, an Illinois )
limited liability company, and ELDA )
MANNION, individually, )
             Defendants. )

## AGREED STIPULATION TO DISMISS

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of

the Health and Welfare Department of the Construction and General Laborers' District

Council of Chicago and Vicinity, and Laborers' District Council Retiree Health and

Welfare Fund (collectively "Funds"), and James S. Jorgensen, Administrator of the Funds

(hereinafter collectively "Funds"), by and through their attorney, G. Ryan Liska, and

Defendants Garces Contractors, LLC and Elda Mannion, by and through their attorney,

John Killacky of the firm of Leonard Meyer, LLP, and hereby submit the Parties'

Agreed Stipulation to Dismiss. In support of this Stipulation, the Parties state as follows:

1.    The parties have reached settlement pursuant to the terms of a Settlement

Agreement. The Parties respectfully request that this matter be dismissed without

prejudice and with leave to reinstate on or before September 15, 2018.



EXHIBIT
**3**

2. Absent any motion filed on or before September 15, 2018, the Parties respectfully request that this matter be dismissed with prejudice on September 16, 2018.

Respectfully submitted,

July 12, 2017

Laborers' Pension Fund, et al.

By: /s/ O. Ryan Liska

Office of Fund Counsel
111 West Jackson Boulevard
Suite 1415
Chicago, IL 60604
(312) 692-0354

July 12, 2017

Garces Contractors, LLC and Elda Mannini

By: /s/ John Killacky

John Killacky
Leonard Meyer, LLP,
120 N. LaSalle St., Suite 2000
Chicago, IL 60602

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused copies of the foregoing Agreed Stipulation to Dismiss to be served upon the following person via the Court's electronic notification system this 12th day of July, 2017.

John Killacky
Leonard Meyer, LLP,
120 N. LaSalle St., Suite 2000
Chicago, IL 60602

By: /s/ O. Ryan Liska

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, THE CHICAGO )  Judge: Rebecca R. Pallmeyer
LABORERS' DISTRICT COUNCIL RETIREE )
HEALTH AND WELFARE FUND and JAMES )
S. JORGENSEN, Administrator of the Funds, )
                    )
        Plaintiffs,  )  Case No. 16-9570
                    )
    v.             )
                    )
GARCES CONTRACTORS, LLC, an Illinois )
limited liability company, and ELDA )
MANNION, Individually, )
        Defendants.  )

## DISMISSAL ORDER

This matter, having come to be heard on the parties' Stipulation to Dismiss, due

notice having been given, IT IS HEREBY ORDERED:

This matter is dismissed without prejudice and with leave to reinstate on or before

September 15, 2018. Absent the filing of any motions, the dismissal will become with

prejudice on September 16, 2018.

ENTER:

_The Honorable Rebecca R. Pallmeyer_
_United States District Court Judge_

Dated: July 12, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and | ) | |
| LABORERS' WELFARE FUND OF THE | ) | |
| HEALTH AND WELFARE DEPARTMENT | ) | |
| OF THE CONSTRUCTION AND GENERAL | ) | |
| LABORERS' DISTRICT COUNCIL OF | ) | |
| CHICAGO AND VICINITY, THE CHICAGO | ) | Judge: Rebecca R. Pallmeyer |
| LABORERS' DISTRICT COUNCIL RETIREE | ) | |
| HEALTH AND WELFARE FUND and JAMES | ) | |
| S. JORGENSEN, Administrator of the Funds, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 16-cv-9570 |
| v. | ) | |
| | ) | |
| GARCES CONTRACTORS, LLC, an Illinois | ) | |
| limited liability company, and ELDA | ) | |
| MANNION, individually. | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF JOSEPH GILLERAN

JOSEPH GILLERAN, being first duly sworn on oath, deposes and states as follows:

1.      I am a Field Representative employed by the Laborers' Pension Fund and the

Laborers' Welfare Fund of the Construction and General Laborers' District Council of Chicago

and Vicinity (hereinafter collectively referred to as the "Funds"), Plaintiffs in the above-

referenced action. My responsibilities include oversight of the collection of amounts owed by

Garces Contractors, LLC (hereinafter "Garces" or the "Company"). This Affidavit is submitted

in support of the Laborers' Funds' Motion to Reinstate and Confess Judgment. I have personal

knowledge regarding the statements contained herein.

2.      On June 30, 2017 the Company signed an Installment Note ("Note") in settlement

of this case to pay the balance of a prior Installment Note and contributions that became due



EXHIBIT
4

during the term of the first Installment Note on which the Company defaulted on. A true and accurate copy of the Note is attached to the Funds' Motion as Exhibit 1. Simultaneously with the execution of the Note, Defendant Elda Mannion, the President of Garces, entered into a Guaranty of Payment and Indemnification Agreement ("Guaranty") agreeing to personally guaranty the amounts due and owing on the Note. A true and accurate copy of the Guaranty is attached to the Funds' Motion as Exhibit 2.

3.    The Company is in default on the Note. Specifically, the Company failed to submit timely benefit contributions for June 2018 and July 2018 as required under the terms of the Collective Bargaining Agreement, the Funds' respective Agreement and Declarations of Trust and Paragraph 9 of the Note. Further, Defendants' failed to remit the $1,944.39 August and September 2018 monthly note payments.

4.    During the term of the Note the Company was assessed accumulative liquidated damages in the amount of $6,413.47 as a result of the late payment of its December 2017 through May 2018 monthly fringe benefit reports. The liquidated damages are assessed at 10% of the Defendants' monthly report amount for that given month.  The accumulative liquidated damages are itemized as follows:  December 2017: $1,726.08; January 2018: $973.62; and February 2018: $923.72; March 2018: $1,293.21; April 2018: $ 639.19; and May 2018: $857.65.

5.    Under the terms of the Note and Guaranty, the Company and Elda Mannion owe $3,888.78 in past due and accelerated payments due on the Note. A true and accurate copy of Garces Note payment history showing balance due on the Note is attached to the Funds' Motion as Exhibit 6.

2

FURTHER AFFIANT SAYETH NOT.

_Joseph Gilleran_
JOSEPH GILLERAN

Subscribed and sworn to before me
this 7th day of September 2018.

_Jeannette Zeck_
Notary Public

"OFFICIAL SEAL"
JEANNETTE ZECK
Notary Public, State of Illinois
My Commission Expires 10/12/18



**PENSION AND WELFARE FUNDS**

**LABORERS' PENSION FUND and HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY and CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH and WELFARE FUND**

MAIN OFFICE
11465 CERMAK ROAD
WESTCHESTER, ILLINOIS 60154-5768
Telephone: (708) 562-0200
www.chicagolaborersfunds.com

CHICAGO OFFICE
111 W. JACKSON BLVD., SUITE 1415
CHICAGO, ILLINOIS 60604-3868
Telephone: (312) 692-1540
Fax: (312) 692-1489

*From the Office of Fund Counsel*

August 28, 2018

Ms. Elda Mannion
Garces Contractors, LLC
5423 W. Division Street
Chicago, IL 60651

**BOARD OF TRUSTEES**

*Administrator*
CATHERINE WENSKUS

*Secretary*
DAVID H. LORIG

**PENSION FUND**

*For Labor*
ANTHONY CANTONE
JAMES P. CONNOLLY
PAUL P. CONNOLLY
SHAWN FITZGERALD
CHARLES V. LOVERDE, III

*For Employers*
ROBERT J. HOPKINS, JR.
CLIFTON M. HORN
KAREN ELIN JOHNSON
ROBERT G. KRUG
DAVID H. LORIG
GARY LUNDSBERG

**WELFARE FUND**

*For Labor*
JAMES P. CONNOLLY
MARTIN T. FLANAGAN
RICHARD KUCZKOWSKI
CHARLES V. LOVERDE, III
WILLIAM J. MARTIN

*For Employers*
JULIE CHAMBERLIN
CHARLES J. GALLAGHER
CLIFTON M. HORN
DAVID H. LORIG
DENNIS P. MARTIN
ANTHONY J. RICCARDI

**RETIREE WELFARE FUND**

*For Labor*
JAMES P. CONNOLLY
MARTIN T. FLANAGAN
RICHARD KUCZKOWSKI
CHARLES V. LOVERDE, III
WILLIAM J. MARTIN

*For Employers*
JULIE CHAMBERLIN
CHARLES J. GALLAGHER
CLIFTON M. HORN
DAVID H. LORIG
DENNIS P. MARTIN
ANTHONY J. RICCARDI

Re: *Laborers' Pension and Welfare Funds v. Garces Contractors, LLC*
*Notice of Promissory Note Default*

Dear Ms. Mannion:

This letter is written to provide you and Garces Contractors, LLC ("Company") notice of default of the terms and conditions of the Promissory Note ("Note"). The Company failed to submit and pay its June 2018 monthly reports. Further, as a result of the late payment of the Company's December 2017 through May 2018 fringe benefit reports the Company was assessed liquidated damages totaling $9,203.52. The Company also failed to make its August 1, 2018 note payment. In the event the Company fails to cure all outstanding obligations within ten (10) days of this notice, the Funds will exercise all rights available to it under the Note and Guaranty of Payment and Indemnification including moving to confess judgment against you and the Company.

Further, the June 2018 reports will be assessed liquidated damages at ten percent (10%) of the report amount. Once the report is paid, a demand for payment of the liquidated damages will be sent under a separate cover. Payment of the accumulative liquidated damages is also a condition of the Installment Note and Personal Guaranty.

Very truly yours,

LABORERS' PENSION AND WELFARE FUNDS

G. Ryan Liska
GRL

cc: Joe Gilleran
Alicia Grossi

**EMPLOYER PARTICIPANTS --**
Builders' Association, Employing Plasterers' Association, Underground Contractors' Association, Mason Contractors' Association, Association, Wrecking Contractors, Concrete Products Employers, Lake County Illinois Employers, Illinois Road Builders Association, Structural Builders; i.e. all those who employ Laborers Engaged in the Building and Construction Industry.



EXHIBIT
5

PAYMENT PLAN WORKSHEET

8/28/2018

COMPANY  GARCES CONTRACTORS LLC          CODE  35209

PHONE#   773-626-6468       CONTACT PERSON  ELDA

NUMBER OF PMTS      13          FIELD REP   JG

PMT PLAN COVERS THE MOS OF   REVISED AUDIT 10-1-14-9-30-16

TOTAL WEL & PENS      18,096.60

LESS 30% DOWN             .

EQUALS AMT FIN.       18,096.60

|  |  |
|---|---|
| PLUS ATTY. COSTS  3,585.44 | WEL PMT       702.37 |
| PLUS AUDIT COSTS  2,695.00 | WEL RET PMT   357.79 |
| PLUS NOTE INT     1,100.03 | PENS PMT      884.23 |
|  | TOTAL        1,944.39 |
|  | # PAYMENTS        13 |
| TOTAL W&P  25,277.07  <=======> | TOTAL W & P  25,277.07 |

| | BEG BALANCE | PAY # | PAYMENT DUE DATE | SCH PMT | ACTUAL PAID | CHK# | DATE REC'D | SCH PMT | ACTUAL PAID | CHK# | DATE REC'D | SCH PMT | ACTUAL PAID | CHK# | DATE REC'D | END BALANCE OWED | ENTER "1" IF LATE | 20% LATE FEE (OWED)PD. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DUES | 651.79 | XXXX | AT SIGNING | 651.79 | 651.79 | 343158 | 9/5/17 | | | | | XXXX | XXXX | XXXX | XXXX | . | | |
| LMCC | 9.58 | XXXX | AT SIGNING | 9.58 | 9.58 | 343158 | 9/5/17 | | | | | XXXX | XXXX | XXXX | XXXX | . | | |
| CACA | 4.66 | XXXX | AT SIGNING | 4.66 | 4.66 | 343158 | 9/5/17 | | | | | XXXX | XXXX | XXXX | XXXX | . | | |
| TRAIN | 152.95 | XXXX | AT SIGNING | 152.95 | 152.95 | 343158 | 9/5/17 | | | | | XXXX | XXXX | XXXX | XXXX | . | | |
| LECET | 4.00 | XXXX | AT SIGNING | 4.00 | 4.00 | 343158 | 9/5/17 | | | | | XXXX | XXXX | XXXX | XXXX | . | | |
| CISCO | . | XXXX | AT SIGNING | . | | | | | | | | XXXX | XXXX | XXXX | XXXX | . | | |
| MARBA | . | XXXX | AT SIGNING | . | | | | | | | | XXXX | XXXX | XXXX | XXXX | . | | |
| 30% | . | XXXX | AT SIGNING | . | | | | | | | | XXXX | XXXX | XXXX | XXXX | . | | |

| | | | | WELFARE PMTS: | | | | WELFARE RETIREE PMTS: | | | | PENSION PMTS: | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | BEG BALANCE | PAY # | PAYMENT DUE DATE | SCH PMT | ACTUAL PAID | CHK# | DATE REC'D | SCH PMT | ACTUAL PAID | CHK# | DATE REC'D | SCH PMT | ACTUAL PAID | CHK# | DATE REC'D | END BALANCE OWED | ENTER "1" IF LATE | 20% LATE FEE |
| W & P | 25,277.07 | 1 | 9/1/17 | 702.37 | 702.37 | 343158 | 9/5/17 | 357.79 | 357.79 | 343158 | 9/5/17 | 884.23 | 884.23 | 343158 | 9/5/17 | 23,332.69 | | . |
| | | 2 | 10/1/17 | 702.37 | 702.37 | 343159 | 10/5/17 | 357.79 | 357.79 | 343159 | 10/3/17 | 884.23 | 884.23 | 343159 | 10/9/17 | 21,388.29 | | . |
| | | 3 | 11/1/17 | 702.37 | 702.37 | 343205 | 11/3/17 | 357.79 | 357.79 | 343205 | 11/3/17 | 884.23 | 884.23 | 343205 | 11/3/17 | 19,443.90 | | . |
| | | 4 | 12/1/17 | 702.37 | 702.37 | 343209 | 12/15/17 | 357.79 | 357.79 | 343209 | 12/15/17 | 884.23 | 884.23 | 343209 | 12/15/17 | 17,499.51 | | . |
| | | 5 | 1/1/18 | 702.37 | 702.37 | 343213 | 2/5/18 | 357.79 | 357.79 | 343213 | 2/5/18 | 884.23 | 884.23 | 343213 | 2/5/18 | 15,555.12 | | . |
| | | 6 | 2/1/18 | 702.37 | 702.37 | 343217 | 2/5/18 | 357.79 | 357.79 | 343217 | 2/5/18 | 884.23 | 884.23 | 343217 | 2/5/18 | 13,610.73 | | . |
| | | 7 | 3/1/2018 | 702.37 | 702.37 | 343216 | 3/20/2018 | 357.79 | 357.79 | 343216 | 3/20/18 | 884.23 | 884.23 | 343216 | 3/20/2018 | 11,666.34 | | . |
| | | 8 | 4/1/2018 | 702.37 | 702.37 | 343219 | 4/12/2018 | 357.79 | 357.79 | 343219 | 4/12/2018 | 884.23 | 884.23 | 343219 | 4/12/2018 | 9,321.95 | | . |
| | | 9 | 5/1/2018 | 702.37 | 702.37 | 343225 | 5/15/2018 | 357.79 | 357.79 | 343225 | 5/15/2018 | 884.23 | 884.23 | 343225 | 5/15/18 | 7,777.56 | | . |
| | | 10 | 6/1/2018 | 702.37 | 702.37 | 343223 | 6/25/2018 | 357.79 | 357.79 | 343223 | 6/26/2018 | 884.23 | 884.23 | 343223 | 6/26/2018 | 5,833.17 | | . |
| | | 11 | 7/1/2018 | 702.37 | 702.37 | 343231 | 7/17/2018 | 357.79 | 357.79 | 343231 | 7/17/2018 | 884.23 | 884.23 | 343231 | 7/17/2018 | 3,888.78 | | . |
| | | 12 | 8/1/2018 | 702.37 | | | | 357.79 | | | | 884.23 | | | | 3,888.78 | | . |
| | | 13 | 9/1/2018 | 702.37 | | | | 357.79 | | | | 884.23 | | | | 3,888.78 | | . |
| TOTALS | 26,109.03 | | | 9,037.18 | 8,549.03 | | | 4,651.27 | 3,935.69 | | | 11,494.99 | 9,726.53 | | | 3,888.78 | | . |

EXHIBIT
